1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNLY R. BECKER,                        No. 2:15-cv-2240-MCE-KJN PS

12                    Plaintiff,

13        v.                                   ORDER AND

14   BANK OF NEW YORK MELLON AS               FINDINGS AND RECOMMENDATIONS
     TRUSTEE FOR THE BELLAVISTA
15   MORTGAGE TRUST 2004-2 &
     NATIONSTAR MORTGAGE LLC,
16

17                    Defendants.

18

19

20        Presently pending before the court is defendants Bank of New York Mellon as Trustee for

21   the Bellavista Mortgage Trust 2004-2 ("BNY") and Nationstar Mortgage, LLC's ("Nationstar")

22   motion to dismiss plaintiff Dennly R. Becker's first amended complaint.  (ECF No. 19.)[1]

23   Plaintiff opposed the motion, and defendants filed a reply brief.  (ECF Nos. 21, 23.)[2]  For the

24   reasons discussed below, the court recommends that the motion be GRANTED IN PART and

25   DENIED IN PART.

26   ─────────────────────
     [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

27
     [2] The motion was submitted for decision without oral argument on the record and written briefing
28   pursuant to Local Rule 230(g).  (ECF No. 22.)

                                           1

1    BACKGROUND

2           The background facts, unless otherwise noted, are taken from the allegations of the first

3    amended complaint, which are taken as true for purposes of the present motion to dismiss.

4           Plaintiff, a California resident, owned a property at 145 Yosemite Drive, Tracy, California

5    95376 (the "Property") as part of his real estate business. (First Amended Complaint, ECF No. 17

6    ["FAC"] ¶¶ 1, 7.)  According to plaintiff, he refinanced the Property in 2004, signing both a Note

7    and a Deed of Trust, and the current defendants were either servicers, beneficiaries, or trustees of

8    the Note and/or Deed of Trust, or their agents.  (FAC ¶¶ 8-14; see also ECF 17-3 at 4-34.)[3]

9           On September 16, 2013, plaintiff sent a request for a payoff demand statement to

10   Nationstar.  (FAC ¶ 15.)  Plaintiff's letter identified the Property by loan number and address;

11   requested a "Payoff Demand Statement" pursuant to California Civil Code section 2943; and

12   quoted subsection (a)(5) of that statute, which contains the definition of a payoff demand

13   statement.  (Id. ¶¶ 15, 17.)  The letter also contained a check for $30, which Nationstar cashed.

14   (Id. ¶ 18.)  The letter was sent by first class mail with the U.S. Postal service and contained an

15   acknowledgement as asserted proof of plaintiff's identity.  (Id. ¶¶ 19, 21.)

16          Plaintiff alleges that he stopped making loan payments on October 1, 2013.  (FAC ¶ 24.)

17   Plaintiff contends that defendants had a duty under California Civil Code § 2943 to respond with

18   a payoff demand statement by October 11, 2013, but that defendants did not provide any response

19   by that date.  (Id. ¶ 62.)  Plaintiff further alleges that he had the ability to pay off the loan in its

20   entirety, and that he intended to do so as soon as he received the payoff demand statement.  (Id.

21   ¶¶ 53, 61-62.)  According to plaintiff, the next communication he received from Nationstar was

22   on November 14, 2013, but that letter merely informed plaintiff that he had fallen behind in his

23   payments and did not include a payoff demand statement.  (Id. ¶ 25.)  Around November 20,

24   2013, plaintiff evicted his tenants at the Property for their failure to pay rent.  (Id. ¶ 26.)

25          Subsequently, on December 3, 2013, Nationstar sent plaintiff a letter informing him that

26

27   [3] The court grants both plaintiff's and defendants' requests for judicial notice of the deed of trust
     and other public records related to the Property recorded at the San Joaquin County Recorder.
28   (See ECF Nos. 17-3, 20.)

1   his single point of contact ("SPOC") regarding the loan at Nationstar would be Ileah Wolford.

2   (FAC ¶ 27.)  In return, plaintiff sent a letter to Ms. Wolford on December 13, 2013, explaining

3   that he had evicted his tenants who had done about $35,000 in damages to the Property; that

4   plaintiff had changed the locks and started renovations, but that the locks had since been changed

5   twice by someone who purportedly represented the investor; and that plaintiff had thus stopped

6   work on the Property.  (Id. ¶ 28.)  Plaintiff also requested information as to his options.  (Id.)

7       In a letter dated December 20, 2013, Nationstar stated that it had received notice that the

8   Property was vacant, but did not otherwise respond to plaintiff's prior communication.  (FAC ¶

9   29.)  Consequently, on January 2, 2014, plaintiff sent another letter to Ms. Wolford, explaining

10  that the Property was vacant because Nationstar had changed the locks; that plaintiff was unable

11  to make repairs to the Property to make it habitable; and that it did not make sense for plaintiff to

12  bring the Property out of default if he could not generate income on the Property.  (Id.)  After

13  plaintiff received no response to that letter, he sent another letter to Ms. Wolford on February 4,

14  2014, reiterating that plaintiff could not make any repairs to the Property, because he was locked

15  out of the Property.  (Id. ¶¶ 30-31.)  Ms. Wolford again failed to respond.  (Id. ¶ 31.)

16      Thereafter, on March 27, 2014, Nationstar sent plaintiff a letter notifying him of the

17  NewStart Solutions program and a "Mortgage Release" option, which would allow plaintiff to

18  potentially eliminate responsibility to repay debt on a first mortgage by transferring title to the

19  Property to Nationstar.  (FAC ¶ 32.)  On April 18, 2014, plaintiff sent a letter requesting more

20  information about the Mortgage Release option, to which Nationstar did not respond.  (Id. ¶¶ 33,

21  34.)

22      On September 3, 2014, Nationstar, in its capacity as the mortgage loan servicer for

23  defendant Bank of New York Mellon as Trustee for the Bellavista Mortgage Trust 2004-2, sent

24  plaintiff a letter notifying him that defendants intended to initiate foreclosure proceedings.  (FAC

25  ¶ 35.)  On October 14, 2014, a Notice of Default and Election to Sell Under Deed of Trust was

26  recorded against the Property.  (Id. ¶ 36; ECF No. 17-3 at 35.)  Subsequently, on November 25,

27  2014, plaintiff sent another letter to Ms. Wolford, restating his objections to being locked out of

28  the Property and complaining that he had not received responses to his previous letters.  (Id. ¶

1   38.)  On December 2, 2014, Nationstar acknowledged receipt of plaintiff's November 25, 2014

2   letter, and on January 7, 2015, Nationstar sent plaintiff another letter with information allowing

3   plaintiff to get the keys to the Property.  (Id. ¶¶ 39-40.)

4          Subsequently, on January 13, 2015, plaintiff sent Ms. Wolford a letter, indicating that

5   plaintiff would need to make repairs to the Property and requesting assurance that defendants

6   would not foreclose on the property while the repairs were being made.  (FAC ¶ 41.)  According

7   to plaintiff, Ms. Wolford did not respond to that letter.  (Id.)  Instead, on February 26, 2015, a

8   Notice of Trustee's sale was recorded against the Property, which was ultimately sold to third

9   party Kibby Road LLC on March 18, 2015.  (Id. ¶¶ 42-43; ECF No. 17-3 at 42, 47-48.)  Plaintiff

10  alleges that he received surplus funds in the amount of $74,798.09 from the trustee's sale.  (FAC

11  ¶ 66(2).)  The Property has since been re-sold to another third party.  (FAC ¶ 44; ECF No. 17-3 at

12  52.)

13         Plaintiff initially brought this action in state court, and defendants subsequently removed

14  the case to this court invoking the court's diversity of citizenship jurisdiction.  (ECF No. 1).

15  After an initial round of motions to dismiss was filed, plaintiff amended his complaint as a matter

16  of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and the initial motions to

17  dismiss were consequently denied without prejudice as moot.  (ECF Nos. 17, 18.)  In the

18  operative first amended complaint, filed on November 19, 2015, plaintiff asserts claims for

19  violation of California Civil Code sections 2943 and 2924.17, wrongful foreclosure, fraud,

20  negligent misrepresentation, trespass, invasion of privacy, negligent recording of false

21  documents, negligence, negligent infliction of emotional distress, elder abuse, and violation of

22  California Business and Professions Code section 17200.  (ECF No. 17.)  The only named

23  defendants are BNY and Nationstar.  (Id.)

24  LEGAL STANDARD

25         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

26  challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JPMorgan Chase

27  Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

28  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

4

1    plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see

2    also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

3    a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

4    is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v.

5    Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

6    factual content that allows the court to draw the reasonable inference that the defendant is liable

7    for the misconduct alleged."  Id.

8         In considering a motion to dismiss for failure to state a claim, the court accepts all of the

9    well-pled factual allegations in the complaint as true and construes them in the light most

10   favorable to the plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court

11   is "not, however, required to accept as true conclusory allegations that are contradicted by

12   documents referred to in the complaint, and [the court does] not necessarily assume the truth of

13   legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559

14   F.3d at 1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim

15   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

16   opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

17   Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); see also Hebbe v. Pliler, 627

18   F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings

19   liberally even when evaluating them under the standard announced in Iqbal).

20        In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

21   consider only allegations contained in the pleadings, exhibits attached to the complaint, and

22   matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

23   F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

24   consider a memorandum in opposition to a defendant's motion to dismiss to determine the

25   propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

26   1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

27   whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

28   2003).

DISCUSSION

Violation of California Civil Code section 2943

To state a claim under California Civil Code section 2943, a plaintiff must generally allege that he was an entitled person, that the defendant was a beneficiary or its authorized agent, that a written demand for a payoff demand statement was made pursuant to Section 2943, that the defendant failed to deliver a payoff demand statement to the maker of the written demand within 21 days of receiving the demand, and that the defendant's failure was willful.  See Cal. Civ. Code § 2943.  Section 2943 provides for an award of statutory damages of $300, as well as any actual damages.  Cal. Civ. Code § 2943(e)(4).

Defendants do not appear to contest that plaintiff is an entitled person or that defendants are beneficiaries and/or authorized agents of beneficiaries.  Additionally, based on the allegations of the first amended complaint, plaintiff's September 16, 2013 letter clearly qualifies as a written demand for a payoff demand statement.  The letter identified the Property by loan number and address; requested a "Payoff Demand Statement" pursuant to California Civil Code section 2943; and quoted subsection (a)(5) of that statute, which contains the definition of a payoff demand statement.  Plaintiff also alleges that he sent it to the address for qualified written requests ("QWRs") listed on his monthly mortgage statement, which appears to comply with Cal. Civ. Code § 2943(e)(5).  Furthermore, plaintiff adequately alleged that defendants failed to respond to or provide a payoff demand statement within the prescribed period.[4]

Defendants contest whether plaintiff has properly alleged than any failure to respond was willful.  Section 2943 defines willful as "an intentional failure to comply with the requirements of this section without just cause or excuse." Cal. Civ. Code § 2943(e)(4).  Courts have noted that

---

[4] Defendants also question whether plaintiff properly proved his identity by providing the acknowledgement along with the written demand.  However, although the beneficiary has the right to request reasonable proof of identity, and, if that right is exercised, the beneficiary is not required to deliver the payoff demand statement until the proof has been provided, such proof need not be included in the initial written demand.  See Cal. Civ. Code § 2943(e)(3).  At least for purposes of the instant motion to dismiss, there is nothing in the record before the court that indicates that defendants actually requested plaintiff to provide proof of his identity.  As such, the issue is immaterial to whether the first amended complaint states a claim under section 2943.

1    while the failure to respond to the initial request is insufficient to show willfulness under the

2    statute, failure to respond to multiple subsequent letters is sufficient to indicate that defendant's

3    behavior is willful.  Consumer Sols. REO, LLC v. Hillery, 2010 WL 144988, at **8-9 (N.D. Cal.

4    Jan. 8, 2010), adhered to on reconsideration, 2010 WL 334417 (N.D. Cal. Jan. 28, 2010) (finding

5    that the failure to respond to written demand and follow-up letter indicated willfulness for the

6    purposes of section 2943); US Distressed Mortgage Fund, LLC v. Wells Fargo Bank, N.A., 2014

7    WL 4370810, at *8 (N.D. Cal. Sept. 3, 2014) (failure to respond to single written letter

8    insufficient to show willfulness).  Here, plaintiff has alleged that defendants' actions were willful;

9    that defendants cashed the check accompanying plaintiff's written demand, but failed to provide

10   the payoff demand statement; and that defendants also failed to respond to numerous subsequent

11   letters from plaintiff.  The court finds that such allegations are sufficient, at least at the pleadings

12   stage, to show willfulness for purposes of a section 2943 claim.

13          Accordingly, the court concludes that the first amended complaint states a proper claim

14   for violation of California Civil Code section 2943, at least for purposes of recovering statutory

15   damages.  As such, the court recommends that defendants' motion to dismiss be denied with

16   respect to that claim.

17          However, plaintiff's related contention that a failure to timely respond to the payoff

18   demand statement extinguished plaintiff's loan and its security, a theory on which the vast

19   majority of plaintiff's other claims are based, is plainly erroneous and not cognizable.  Section

20   2943 sets forth very specific remedies, which do not include an automatic discharge of the

21   underlying debt and security.  See Cal. Civ. Code § 2943(e)(4).  Furthermore, plaintiff's reliance

22   on California Civil Code sections 1511 and 1512 in that regard is also unavailing, because those

23   sections simply codify the common law defenses to failure to perform under a contractual

24   obligation, and would only conceivably apply if defendants actually prevented plaintiff from

25   meeting his contractual obligations.  See Cal. Civ. Code §§ 1511, 1512.  Here, defendants'

26   alleged violation of California Civil Code section 2943 did not prevent plaintiff from performing

27   his payment obligations under the loan or otherwise render performance impossible.  Indeed,

28   plaintiff admittedly defaulted on his loan payments even *before* the requested payoff demand

1   statement was due to be delivered.  Furthermore, although the subsequent Notice of Default and

2   Notice of Trustee's Sale provided the amounts due on the loan and/or provided contact

3   information to obtain the updated payoff amount, plaintiff fails to allege that he made any further

4   payments on the loan.  Plaintiff's theory that the loan and its security were extinguished is plainly

5   without merit.

6                     Other Claims Derivative of Loan/Security Interest Extinguishment Theory

7          As noted above, the vast majority of the remaining claims (more specifically, plaintiff's

8   claims for violation of California Civil Code section 2924.17,[5] wrongful foreclosure, fraud,

9   negligent misrepresentation, trespass, invasion of privacy, and negligent recording of false

10  documents) are premised on plaintiff's above-mentioned theory that the loan and security interest

11  were extinguished, and that the defendants, supposedly without having any interest in the

12  Property, therefore wrongfully filed foreclosure-related documents, changed the locks on the

13  Property, and ultimately foreclosed on the Property.  Because plaintiff's theory is erroneous and

14  not legally cognizable, all of those causes of actions are fatally deficient and should be dismissed

15  with prejudice.

16         To the extent that plaintiff also bases his claims of fraud and negligent misrepresentation

17  on the Declaration of Mortgage Servicer, which allegedly false represented that the mortgage

18  servicer had unsuccessfully tried with due diligence to contact plaintiff to discuss his financial

19  situation, plaintiff's claims nonetheless fail.  Both fraud and negligent misrepresentation claims

20  require allegations of actual and justifiable reliance by the plaintiff on the false representations.

21  Cadlo v. Owens-Illinois, Inc., 125 Cal. App. 4th 513, 519 (2004).  Even assuming, without

22  deciding, that the representations in the Declaration of Mortgage Servicer were false, plaintiff

23  _____

24  [5] California Civil Code section 2924.17(b) provides that "[b]efore recording or filing any of the
    documents described in subdivision (a) [including a notice of default, notice of sale, etc.], a
    mortgage servicer shall ensure that it has reviewed competent and reliable evidence to

25  substantiate the borrower's default and the right to foreclose, including the borrower's loan status
    and loan information."  Plaintiff alleges that defendants improperly recorded the foreclosure-

26  related documents, because the loan and security interest were extinguished by virtue of
    defendants' violation of California Civil Code section 2943.  As discussed above, that theory is

27  erroneous, and plaintiff himself has admitted that the loan was otherwise in default.  As such,

28  plaintiff's claim for violation of California Civil Code section 2924.17 is fatally deficient.

could not actually and justifiably have relied on those representations to his detriment in this context.  If, as plaintiff alleges, he had sent defendants several letters that had been ignored, he would have known that the representations in the Declaration were false at the time that plaintiff reviewed them and could not justifiably have relied on them.  Therefore, fraud and negligent misrepresentation claims based on the Declaration of Mortgage Servicer are likewise not viable.

Finally, plaintiff's claim for financial elder abuse is expressly premised on plaintiff's claims that defendants wrongfully foreclosed on the Property and/or defrauded plaintiff.  (See FAC ¶ 129 ["Pursuant to the claim for wrongful foreclosure or the claim for fraud, the Defendants took or obtained Plaintiff's 145 Yosemite property with the intent to defraud the Plaintiff."].)  However, because plaintiff's wrongful foreclosure and fraud claims fail for the reasons discussed above, this subsidiary claim also fails.

Consequently, the court recommends that plaintiff's claims for violation of California Civil Code section 2924.17, wrongful foreclosure, fraud, negligent misrepresentation, trespass, invasion of privacy, negligent recording of false documents, and financial elder abuse be dismissed with prejudice.

Other Independent Claims

Plaintiff bases his common law negligence and negligent infliction of emotional distress claims on grounds independent from his loan extinguishment theory.  Specifically, plaintiff alleges that the appointment of Ms. Wolford as a SPOC created a duty on the part of Nationstar to provide him with information and help him to avoid foreclosure.  Instead, according to plaintiff, defendants failed to respond to several of his letters requesting information about options to avoid foreclosure, thereby breaching their duty and causing plaintiff harm.

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances or a finding that a joint venture exists."  Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d 1206, 1214 (9th Cir. 1994) (citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991)).  "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money

1    lender." Nymark, 231 Cal. App. 3d at 1096.

2           In this case, there is nothing to suggest that defendants' activities exceeded the traditional

3    scope of a money lender.  As allegedly wrongful or immoral as defendants' purported failure to

4    respond to plaintiff's letters may have been, an issue on which the court expresses no opinion

5    here, it did not create a legal duty of care to plaintiff to support a common law negligence claim.

6    See Becker v. Wells Fargo Bank NA, Inc., 2014 WL 3891933, at **19-21 (E.D. Cal. Aug. 7,

7    2014) (collecting numerous cases and noting that "the majority of cases that have addressed the

8    issue of whether a financial institution owes a duty to the borrower when engaging in the loan

9    modification process have resulted in a holding that such activity generally does not exceed the

10   traditional scope of a money lender, thus resulting in the lack of a duty of care owed by the

11   lender.").  Because a legal duty is a necessary element of both negligence and negligent infliction

12   of emotion distress claims, those claims fail as a matter of law.  As such, the court recommends

13   that they be dismissed with prejudice.

14           Unfair Competition Law Claim

15           The final claim plaintiff raises is an alleged violation of California Business & Professions

16   Code section 17200, also known as California's Unfair Competition Law ("UCL").

17           The UCL "prohibits unfair competition, including unlawful, unfair, and fraudulent

18   business acts." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1143 (2003).

19   "Section 17200 'borrows' violations from other laws by making them independently actionable as

20   unfair competitive practices." Id.  However, "in the aftermath of Proposition 64, only plaintiffs

21   who have suffered actual damage may pursue a private UCL action.  A private plaintiff must

22   make a twofold showing: he or she must demonstrate injury in fact *and* a loss of money or

23   property caused by unfair competition." Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583,

24   1590 (2008) (emphasis in original).  Additionally, while "the scope of conduct covered by the

25   UCL is broad, its remedies are limited." Korea Supply Co., 29 Cal. 4th at 1144.  "A UCL action

26   is equitable in nature; damages cannot be recovered." Id.  As such, "prevailing plaintiffs are

27   generally limited to injunctive relief and restitution." Id.

28           In this case, in light of the court's conclusion that plaintiff's first amended complaint

                                                    10

1   states a proper claim for violation of California Civil Code section 2943, plaintiff appears to have

2   adequately pled a predicate unlawful business act for purposes of a UCL claim.  However, the

3   court finds that plaintiff's allegations do not show that plaintiff suffered a loss of money or

4   property *caused* by such unfair competition.  As discussed above, defendants' alleged violation of

5   California Civil Code section 2943 did not prevent plaintiff from performing his payment

6   obligations under the loan or otherwise render performance impossible.  Indeed, plaintiff

7   admittedly defaulted on his loan payments even *before* defendants allegedly violated that statute,

8   and then failed to make any subsequent payments.  As such, plaintiff's UCL claim is defective.

9          If failure to plead loss of money or property caused by the alleged unfair competition were

10   the only defect in plaintiff's UCL claim, the court would have been inclined to grant leave to

11   amend.  Nevertheless, even if plaintiff could potentially cure that defect by amendment,

12   plaintiff's UCL claim is not viable, because he cannot plead entitlement to a cognizable remedy

13   under that statute.  Plaintiff cannot obtain injunctive relief, because foreclosure has already

14   occurred, the Property has since been sold to two successive third-party bona fide purchasers,

15   those bona fide purchasers are not parties to this action, and there is no indication that plaintiff

16   would have any grounds to proceed against them.  Furthermore, there is no basis for restitution,

17   because plaintiff admittedly defaulted on his loan prior to any alleged violation by defendants, the

18   loan/mortgage was not extinguished, and plaintiff received the surplus funds from the foreclosure

19   sale after the mortgage on the Property was paid off.  Even if plaintiff could articulate some other

20   theory of monetary damages, such damages are simply not recoverable in a UCL claim.

21          Therefore, the court recommends that plaintiff's UCL claim be dismissed with prejudice.

22   CONCLUSION

23          Accordingly, IT IS HEREBY RECOMMENDED that:

24   1.   Defendants' motion to dismiss (ECF No. 19) be GRANTED IN PART and DENIED

25          IN PART.

26   2.   Plaintiffs' claims for violation of California Civil Code section 2924.17, wrongful

27          foreclosure, fraud, negligent misrepresentation, trespass, invasion of privacy, negligent

28          recording of false documents, negligence, negligent infliction of emotional distress,

11

1         financial elder abuse, and violation of California Business and Professions Code

2         section 17200 be DISMISSED WITH PREJUDICE.

3     3.  Plaintiff be directed to file a second amended complaint, limited to 15 pages, stating

4         only a claim for violation of California Civil Code section 2943 against defendants

5         BNY and Nationstar.

6       In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

7 discovery, and motion practice in this action are STAYED pending resolution of these findings

8 and recommendations.  With the exception of objections to the findings and recommendations or

9 non-frivolous motions for emergency relief, the court will not entertain or respond to motions or

10 other filings until the findings and recommendations are resolved.

11       These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

13 days after being served with these findings and recommendations, any party may file written

14 objections with the court and serve a copy on all parties.  Such a document should be captioned

15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16 shall be served on all parties and filed with the court within fourteen (14) days after service of the

17 objections.  The parties are advised that failure to file objections within the specified time may

18 waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

19 Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

20       IT IS SO ORDERED AND RECOMMENDED.

21 Dated:  May 11, 2016

22

23                           KENDALL J. NEWMAN
                           UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28