UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER | No. 2:15-cv-2240-MCE-KJN PS |
| Plaintiff, | |
| v. | PRETRIAL SCHEDULING ORDER |
| BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BELLAVISTA MORTGAGE TRUST 2004-2 & NATIONSTAR MORTGAGE LLC, | |
| Defendants. | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES, INCLUDING PRO SE PARTIES, MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On October 13, 2016, the court conducted a status (pretrial scheduling) conference in this matter.  Plaintiff Dennly Becker appeared, representing himself, and attorney Megan Kelly appeared telephonically on behalf of defendants Bank of New York Mellon as Trustee for the

Bellavista Mortgage Trust 2004-2 and Nationstar Mortgage LLC.  After considering the parties' joint status report (ECF No. 35) and the parties' representations at the status conference, the court issues the following pretrial scheduling order.

NATURE OF THE CASE

The operative second amended complaint asserts a single claim for violation of California Civil Code section 2943, alleging that defendants willfully failed to respond to plaintiff's request for a payoff demand statement in accordance with that statute.

Defendants deny any liability and assert various affirmative defenses.

SERVICE OF PROCESS

Defendants answered plaintiff's second amended complaint.  Thus, no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

The parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than **November 3, 2016**.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed by **September 28, 2017**.  The word "completed" in this context means that all law and motion matters must be *heard* by the above date.  Counsel and/or parties proceeding without counsel[1] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230.  Judge Newman generally hears civil motions on Thursdays at 10:00 a.m.  This paragraph

---

[1] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing *in propria persona* or *pro se*.

does not preclude motions for continuances, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if appropriate.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery shall be completed by **August 3, 2017**.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Discovery motions must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than **July 20, 2017**.  Judge Newman generally hears civil motions on Thursdays at 10:00 a.m.

The parties are reminded that discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. Additionally, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention prior to filing a discovery motion.  Such meet and confer shall take place in person, or at a minimum, via a telephonic conference.  The mere exchange of letters or e-mails alone is not sufficient.  As part of their joint

statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline:  (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions.  Failure to comply with these requirements may result in summary denial of a discovery motion.

Additionally, the court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice.  The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/.  Additionally, subject to the court's availability, the court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down.  In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability.  However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

EXPERT DISCLOSURES

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **May 4, 2017**.  Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 1, 2017**.  Expert disclosures shall be filed with the court and served upon all other parties.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.  Failure to provide the information required by Federal Rule of Civil

Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The final pretrial conference and trial will take place before the assigned district judge, the Hon. Morrison C. England. The court declines to set final pretrial conference and trial dates at this juncture. Instead, those dates will be scheduled by Judge England upon the filing of the parties' Joint Notice of Trial Readiness.

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving the court's ruling(s) on the last filed dispositive motion(s). If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Notice of Trial Readiness the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, the estimated trial length, any request for a jury, and the parties' availability for trial. After review of the parties' Joint Notice of Trial Readiness, Judge England will issue an order that sets forth dates for a final pretrial conference and trial.

SETTLEMENT CONFERENCE

As discussed with the parties at the status conference, the parties shall promptly meet and confer regarding whether a settlement conference before another magistrate judge would be beneficial at this juncture. If the parties so conclude, they shall file an appropriate stipulation and proposed order requesting the scheduling of a settlement conference.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

IT IS SO ORDERED.

Dated:  October 14, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE