UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BELLAVISTA MORTGAGE TRUST 2004-2 & NATIONSTAR MORTGAGE LLC,<br><br>Defendants. | No. 2:15-cv-2240-MCE-KJN PS<br><br>ORDER |

On May 11, 2017, pursuant to the parties' request, the court conducted an informal telephonic discovery conference. Plaintiff Dennly Becker appeared representing himself, and attorney Megan Kelly appeared on behalf of defendants. After careful consideration of the parties' joint letter brief (ECF No. 49) and the parties' representations at the telephonic conference, and as explained in greater detail to the parties in the course of the telephonic conference, IT IS HEREBY ORDERED that:

1. The parties shall promptly meet and confer regarding a mutually convenient date to conduct the deposition of Nationstar's person most knowledgeable ("PMK"). Provided that the parties mutually agree to the date, plaintiff need only serve a brief notice of deposition referencing this order and need not comply with the full notice

1

period.

2. Based on the parties' agreement at the conference, the matters with respect to which Nationstar's PMK is to be examined are limited as follows:[1]

   (a) Nationstar shall provide testimony as to matter nos. 1, 2, 3, 4, 6, 9, 14, 15, and 17 within the reasonable parameters discussed in greater detail with the parties at the conference.

   (b) Nationstar need not provide testimony as to nos. 5 (which the court finds overbroad and duplicative of no. 4), 7 (except for the dollar amounts stated in the referenced documents), 8, 10 (except as to whether Nationstar received fees for payments made by plaintiff), 11 (except that plaintiff may seek explanations for alleged inconsistencies in the records), 12 (except that plaintiff may ask questions regarding how his communications with Ms. Wolford and other pertinent Nationstar representatives were directed and/or recorded), 13 (except that plaintiff may inquire as to Ms. Wolford's last date of employment with Nationstar), and 16 (which the court finds overbroad).

3. Plaintiff's request to have defendants reimburse his flight rebooking fee related to the previously-scheduled deposition is denied.

4. Plaintiff's request for a further response to plaintiff's interrogatory no. 8 is denied without prejudice. Plaintiff may inquire regarding potentially relevant abbreviations at the PMK deposition, and the parties shall subsequently meet and confer regarding any specific further clarification needed.

IT IS SO ORDERED.

Dated: May 12, 2017

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's notice of deposition on its face lists 16 matters for examination, but actually includes two matters labeled as number 4, resulting in 17 total matters. As such, the court adopts the numbering used by the parties in their joint letter brief (ECF No. 49), which re-numbered the matters sequentially from 1 through 17.