UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BELLAVISTA MORTGAGE TRUST 2004-2 & NATIONSTAR MORTGAGE LLC,<br><br>　　　　　　Defendants. | No. 2:15-cv-2240-MCE-KJN PS<br><br>ORDER |

On June 7, 2017, plaintiff filed objections to defendants' expert witness disclosure, requesting that it be stricken. (ECF No. 54.) For the reasons discussed below, the court DENIES the request.

Initial expert witness disclosures were due on May 18, 2017, and rebuttal expert witness disclosures are due on June 15, 2017. (ECF No. 47.) On May 18, 2017, defendants served their expert witness disclosure on plaintiff via e-mail and by Federal Express. (ECF Nos. 52, 52-1.) However, defendants' counsel neglected to file it with the court in accordance with the scheduling order. On May 31, 2017, when it came to counsel's attention, she filed it with the court that same day. (ECF Nos. 52, 52-1.)

////

Plaintiff claims that he was prejudiced by defendants' counsel's failure to file the expert disclosure with the court until May 31, 2017. He reasons that "[s]ince the expert witness disclosures were not filed with the Court I did not want to go to the expense to find a rebuttal expert witness. Now, I have about a week to find an expert rebuttal witness." (ECF No. 54 at 2.) However, any time constraints are plainly of plaintiff's own making. Plaintiff admits that he received defendants' expert witness disclosure on May 18, 2017, and so there is no question that plaintiff knew that defendants intend to use an expert witness and had access to the information about that witness. (Id.) As such, plaintiff's feigned reliance on a technical filing error by defendants, which had no prejudicial impact on plaintiff, amounts to nothing but tactical maneuvering.

Additionally, although plaintiff complains about certain costs associated with the rescheduling of the Nationstar PMK deposition, that matter has no relevance to the issue of expert witness disclosures.

Accordingly, plaintiff's request to strike defendants' expert witness disclosure (ECF No. 54) is DENIED.

Dated: June 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE