1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNLY R. BECKER,                    No.  2:15-cv-2240-MCE-KJN PS

12                 Plaintiff,

13        v.                              ORDER

14   BANK OF NEW YORK MELLON AS
     TRUSTEE FOR THE BELLAVISTA
15   MORTGAGE TRUST 2004-2 &
     NATIONSTAR MORTGAGE LLC,
16
17                 Defendants.

18

19        Presently pending before the court is plaintiff's motion for leave to file a third amended

20   complaint.  (ECF Nos. 64, 67.)  Defendants have opposed the motion, and plaintiff filed a reply

21   brief.  (ECF Nos. 69, 71.)  For the reasons discussed below, the court DENIES the motion.

22        In support of his motion, plaintiff relies heavily on the liberal amendment policy of

23   Federal Rule of Civil Procedure 15:  "Under Rule 15(a), leave to amend should be granted as a

24   matter of course, at least until the defendant files a responsive pleading.  After that point, leave to

25   amend should be granted unless amendment would cause prejudice to the opposing party, is

26   sought in bad faith, is futile, or creates undue delay."  Johnson v. Mammoth Recreations, Inc.,

27   975 F.2d 604, 607 (9th Cir. 1992).

28   ////

However, once the court has entered a scheduling order setting a deadline for amending pleadings, plaintiff's ability to amend his complaint is governed by Rule 16(b), and not Rule 15(a). Johnson, 975 F.2d at 607-08; see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The propriety of amendment under Rule 15(a) will be considered only when good cause has been shown to modify the scheduling order pursuant to Rule 16(b). Johnson, 975 F.2d at 608. In this case, the court's October 14, 2016 scheduling order specifically provides, consistent with Rule 16(b), that "[n]o further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown." (ECF No. 41 at 2.)

Here, plaintiff has plainly not shown good cause for modifying the scheduling order.

First, and most importantly, the common law negligence and California Unfair Competition Law claims he now seeks to add in the proposed third amended complaint (ECF No. 65) have already been dismissed with prejudice over a year ago. (ECF Nos. 24, 28.) For the reasons discussed in detail in the court's prior order (ECF No. 24 at 9-11), those claims are not legally viable, even if plaintiff alleged additional facts obtained in discovery in support of such claims. As such, leave to amend would be futile.

Second, even if the proposed claims were not futile, the court would not find good cause to modify the schedule at this late juncture. Discovery in this action already closed on August 3, 2017, and the law and motion completion deadline of September 28, 2017 is fast approaching. (ECF No. 41.) Allowing amendment at this time would no doubt necessitate the re-opening of discovery and delay the schedule of this case, which would be unjustified especially given that plaintiff's motion to amend was filed a mere day before the close of discovery.

Third, allowing the proposed amendment would be prejudicial to the defendants, who have litigated the case through the close of discovery on the reasonable presumption that only a claim for violation of California Civil Code section 2943 is at issue. Expanding the scope of the litigation at this time would require additional discovery, including potentially duplicative depositions, resulting in increased expenses, inefficiency, and wasted time and resources.

////

Therefore, the court concludes that plaintiff has failed to show the requisite good cause to modify the scheduling order to permit an amendment of his complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend his complaint (ECF Nos. 64, 67), properly construed as a motion to modify the scheduling order, is DENIED.

2. The proposed third amended complaint (ECF No. 65) is STRICKEN.

IT IS SO ORDERED.

Dated: August 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE