UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNLY R. BECKER,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BELLAVISTA MORTGAGE TRUST 2004-2 & NATIONSTAR MORTGAGE LLC,<br><br>Defendants. | No. 2:15-cv-2240-MCE-KJN PS<br><br>ORDER |

Presently pending before the court is plaintiff's "request for judicial intervention to compel defendant Nationstar to de-designate its confidential designation for various documents" along with a request for sanctions. (ECF No. 76.)

As an initial matter, plaintiff's motion to compel is untimely pursuant to the operative scheduling order, which requires all discovery to be completed by August 3, 2017. In the scheduling order, the word "completed" is defined as meaning that "all discovery shall have been conducted so that all depositions have been taken and any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with." (ECF No. 41 at 3.)

////

1

| | |
|---|---|
| 1 | Additionally, plaintiff has not moved to modify the scheduling order, and there is no good |
| 2 | cause to do so.  Even assuming, without deciding, that Nationstar incorrectly designated certain |
| 3 | documents produced in discovery as confidential, plaintiff has had access to the contents of those |
| 4 | documents and was able to present them to the court in the context of any motion by filing a |
| 5 | request to seal.  Furthermore, the operative protective order does not govern the trial of this case, |
| 6 | and plaintiff is free to attempt to introduce such documents into the public record at trial, subject |
| 7 | to Nationstar's objections and the trial judge's rulings.  Therefore, plaintiff has not been |
| 8 | materially prejudiced by any potentially incorrect designation of documents in the pre-trial |
| 9 | phase.[1] |
| 10 | Consequently, plaintiff's motion to compel is denied. |
| 11 | The court notes that plaintiff has also filed a motion to set a date for a pretrial conference |
| 12 | before the assigned district judge.  (ECF No. 75.)  However, plaintiff's unilateral motion does not |
| 13 | comply with the scheduling order's requirement that a "Joint Notice of Trial Readiness" be filed |
| 14 | for consideration of the district judge.  (See ECF No. 41 at 5, "Final Pretrial Conference/Trial |
| 15 | Setting").  As such, plaintiff's motion is denied.  As outlined below, the parties are directed to |
| 16 | meet and confer, and file a Joint Notice of Trial Readiness within 21 days. |
| 17 | Accordingly, IT IS HEREBY ORDERED that: |
| 18 | 1. Plaintiff's motion to compel, and accompanying request for sanctions (ECF No. 76) is |
| 19 | DENIED and the October 12, 2017 hearing before the undersigned is VACATED. |
| 20 | 2. Plaintiff's motion to set a date for a pretrial conference (ECF No. 75) is DENIED and |
| 21 | the October 19, 2017 hearing before Judge England is VACATED. |
| 22 | |
| 23 | //// |
| 24 | //// |
| 25 | //// |
| 26 | |
| 27 | [1] Nor has the public's right to access been affected by any incorrect designation.  Indeed, since production of the documents at issue, the court has not authorized the sealing of any such |
| 28 | documents in connection with a motion or other court filing. |

2

3. Within 21 days, the parties shall meet and confer, and file a Joint Notice of Trial Readiness in compliance with the scheduling order for Judge England's consideration.

IT IS SO ORDERED.

Dated: September 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE